

<u>**VIA ECF**</u>
Hon. Judge of the District of New Jersey
United States District Court
District of New Jersey

**Case No: 24-CV-07045 Juan Orozco and Ronald Rodriguez v. Eli Timberland Tree Service LLC and Eli Sandi**

Dear Judge:

On behalf of the parties, we respectfully submit this joint letter seeking preliminary and final approval of the negotiated settlement agreement under the Fair Labor Standards Act ("FLSA") and New Jersey State Wage and Hour Law ("NJWHL"). The parties' settlement agreement (the "Settlement Agreement") is attached hereto as Exhibit A.

    **I.**    **Background and Settlement**

Plaintiffs Juan Orozco and Ronald Rodriguez ("Plaintiffs") filed this Complaint against Eli Timberland Tree Service LLC and Eli Sandi ("Defendants") alleging that: (1) pursuant to the Fair Labor Standards Act, they are entitled to recover from Defendants (a) unpaid wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs; (2) pursuant to New Jersey State Wage and Hour Law, he is entitled to recover from Defendants (a) unpaid minimum wage, (b) unpaid overtime compensation, (c) failure to provide wage notices, (d) failure to provide accurate wage statements, (e) failure to provide timely wages, (f) liquidated damages, (g) prejudgment and post-judgment interest, and (h) attorneys' fees and costs.

In lieu of protracted litigation, the parties engaged in arms-length settlement negotiations. The parties exchanged detailed damage calculations, time records maintained by Defendants, and text messages showing Plaintiff's work schedule and time off, as referenced in the settlement agreement.

The parties have resolved the FLSA and NJWHL claims and set forth in the Settlement Agreement and below. Since this settlement involves FLSA claims,



Plaintiff respectfully requests that Your Honor approve this settlement as fair and reasonable for the reasons set out below.

## II.　　　The Proposed Settlement is Fair and Reasonable

The Third Circuit Court of Appeals and Di*strict of New Jersey courts have established* criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a New Jersey court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*See Brumley v. Camin Cargo Control, Inc.,* No. 08-1798, 2012 WL 1019733 (D.N.J. Mar. 26, 2012). Courts in the District of New Jersey generally presume a settlement to be fair when it is the product of arm's-length negotiations (*internal citations omitted*).

### A.　This Settlement Satisfies the *Wolinsky* Factors

Following productive negotiations, the parties have successfully reached an agreement to resolve Plaintiff's FLSA and NJWHL wage and hour claims for a total sum of $30,000. This settlement amount represents a significant portion of Plaintiff's initial damages calculation, which was approximately $40,000.00. This settlement not only allows Plaintiff to recover a substantial portion of his alleged damages, but it also ensures that he receives prompt payment without the risk of a protracted litigation process that may lead to an uncertain outcome. Further, the settlement allows both parties to avoid the costs, time, and uncertainty associated with further litigation, which is particularly beneficial to Plaintiff given the ongoing financial strain caused by the unpaid wages. The negotiations were conducted at arm's length and both parties were represented by experienced counsel, ensuring that the interests



of both parties were adequately protected, and the settlement was not the result of fraud or collusion. Moreover, the agreed attorneys' fees are reasonable considering the complexity of wage and hour cases that often require specialized legal expertise. Additionally, the Plaintiff has had the opportunity to thoroughly review the terms of the settlement and has agreed to them voluntarily, without coercion or undue influence, which further underscores the fairness and reasonableness of the settlement. Furthermore, given the potential defenses available to Defendants, there is a possibility that Plaintiff could recover less, or nothing at all, if the case were to proceed to litigation. Based on these factors, the agreement is fair, reasonable, and should be approved by the Court.

### i. *Plaintiff's Range of Possible Recovery*

Pursuant to the negotiated Settlement Agreement, the total settlement amount of $30,000.00 will be paid within fourteen (14) days after Court approval and receipt of all required documentation, but no later than August 1, 2025. This settlement amount, while representing a compromise, ensures a significant recovery for the Plaintiff without the risks associated with litigation and provides a quicker financial resolution for the Plaintiff, which further attests to its fairness and reasonableness.

Prior to settlement discussions, Plaintiffs calculated potential damages at approximately $40,000.00, encompassing claims for unpaid minimum wages, unpaid overtime wages, liquidated damages, wage notice and wage statement violations, interest, attorneys' fees and costs under both FLSA and NJWHL, as detailed in the Second Amended Complaint. This figure represented the maximum potential recovery under optimal circumstances.

Defendants deny this calculation and maintain that Plaintiff did not work the hours and weeks that he alleges. Further, Defendants provided time logs maintained and text messages to show that Plaintiffs routinely took days off or arrived at work later than what is alleged in the Complaint. Additionally, Defendants claim that if Plaintiff is owed anything, he is owed half-time for hours worked over forty (40). Finally, Defendants claim that Plaintiff could not have worked the hours claimed because he frequently took extended periods of time off. While Defendants have raised various defenses and contentions regarding the hours worked, the settlement amount represents a fair compromise based on the available evidence and the risks of litigation for all parties involved. The settlement represents a compromise, which is often the essence of a settlement. A settlement avoids the uncertainty and cost of



going to trial, where the outcome is never guaranteed. Therefore, the settlement is fair and reasonable.

### ii. The Settlement Mitigates Litigation Risks and Eliminates Future Procedural Burdens, Supporting its Overall Fairness

Plaintiff wishes to avoid the risk of further litigating his claims. There would be numerous depositions, discovery has not begun but there is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA and NJWHL. Defendants strongly contend that Plaintiff did not work the hours that he claims and informal time logs will support the hours Plaintiff actually worked which is significantly less than what is alleged in the Complaint. However, Defendants too face anticipated burdens and litigation expenses in establishing their respective defenses. They failed to maintain complete and accurate time and pay records. Thus, Plaintiff believes the settlement amount is a fair result, obtaining a partial recovery of his alleged back wages based on Plaintiff's asserted theories of liability while eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as he would face the possibility of receiving a lesser amount than what is allocated to her in the settlement. In addition, the time, stress and emotional toll associated with a prolonged trial could significantly impact Plaintiff's wellbeing and quality of life. The settlement provides an immediate and certain resolution, allowing Plaintiff to move forward without the uncertainties and pressures of a trial. Additionally, the expenses for trial are high which may mean the attorneys' fees and expenses may be higher than Plaintiff's actual recovery. Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

### iii.     The Settlement Stems from Good Faith Negotiations Between Independent Parties

The settlement's fairness and reasonableness are evidenced by the fact that both parties engaged in negotiations through qualified counsel with substantial experience in wage and hour litigation. The parties exchanged some documents and shared related facts and information to reach a settlement. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive some recovery for his alleged back wages based on Plaintiff's asserted theories of



liability and eliminating the burdens and costs of trial. The arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherent risks and costs of litigation.

### III. The Attorneys' Fees are Fair and Reasonable

The total settlement amount of $30,000.00 will be allocated as follows, with the settlement payments to be reported on IRS Forms W-2 and 1099 as appropriate: Total Payment to Stillman Legal, P.C.: $11,547.00 (representing $9,999.00 in attorneys' fees and $1,548.00 in costs). Net Amount to be Received by Juan Orozco: $9,226.50 and Ronald Rodriguez: $9,226.50 (representing settlement payments). The settlement payment will be made by August 1, 2025, after receipt of all required documentation as specified in the Settlement Agreement. The requested fee is fair and reasonable, representing approximately 33.33% of the total settlement amount plus costs. This fee arrangement is reasonable, considering the time Plaintiff's counsel spent pursuing a pre-suit resolution of this claim, drafting the Complaint, researching the claims, meeting with the client, reviewing and producing discovery, negotiating the settlement with Defendant through active participation, and jointly drafting the settlement documents and approval motion.

The settlement amount includes reasonable attorneys' fees of $9,999.00 (representing 33.33% of the total settlement) and costs of $1,548.00 (including court filing fees of $405.00, service fees of $378.00, and mediation fees of $765.00) as agreed upon by the parties. Courts in the District of New Jersey typically approve attorneys' fees of one-third in FLSA cases, which is consistent with the fee arrangement in this case. Using the "percentage of the fund" method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. *See Mabry v. Hilton Hotels Corp.,* No. 04-CV-5740, 2006 WL 2882649, at *3 (D.N.J. Oct. 5, 2006) (approving one-third fee in wage and hour case).

#### A. Goldberger Factors

New Jersey courts employ the percentage-of-recovery method and use the lodestar method as a cross-check when evaluating the reasonableness of attorneys' fees in common fund cases. See *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190,



195 (D.N.J. 2000) (noting that "where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court"). As part of the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. April 16, 2012). Plaintiff's retainer with their attorneys was contingency based; that their counsel would receive one-third of any recovery plus expenses.

The Court should also consider if the attorneys' fees are reasonable based on New Jersey*'s fee analysis* factors: (1) time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000). Based on Plaintiff's counsel's records documenting the time and labor spent on reaching this settlement, the risks involved in litigating this matter, the quality of Plaintiff's counsel's representation, and the public policy considerations, Plaintiff respectfully requests that the Court approve Plaintiff's counsel's requested attorneys' fees.

Here, Plaintiff's counsel expended a reasonable number of hours of legal work on this action at market rates consistent with attorneys of similar experience in this district. Courts frequently have approved a similar rate for attorneys with similar experience. *See* Hernandez v. Fresh Start Gen. Cleaning, LLC, 2020 WL 1892046, at *2 (D.N.J. Apr. 16, 2020); Atis v. Freedom Mortg. Corp., 2018 WL 5801544, at *4 (D.N.J. Nov. 6, 2018). Plaintiff's counsel's lodestar is a reasonable estimate of the fees accrued to date. The hours and rates are reasonable given the complexity of this matter. As such, Plaintiff's request should be approved. *See, e.g.*, *Yang v. Sunshine ISA, Inc.*, No. 15 Civ. 5031, 2016 WL 6746763, at *3 (E.D.N.Y. Nov. 14, 2016) (granting attorney's fees of one-third where counsel's records demonstrated where fees would be 41% of the lodestar).

The complexity of this FLSA and NJWHL litigation supports the reasonableness of the requested $9,999.00 fee award, representing one-third of the total settlement amount, plus $1,548.00 in litigation costs.

This wage and hour litigation presents substantial challenges, particularly given the multiple defendants and amended complaints. These challenges include quantifying precise unpaid compensation, establishing clear employer accountability, and navigating intricate labor regulations. Plaintiff's Counsel



prosecuted this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of tremendous risk. Wage and hour cases, such as the current one, are inherently complicated and time-consuming due to the need to meticulously analyze pay records, establish employer liability, and interpret complex labor laws. Undertaking this type of representation, investing time, energy, and resources, and being prepared for the very real possibility of an unsuccessful outcome, chasing a judgment, or no fee at all, is a real risk. To date, Plaintiff's counsel has not received any compensation for services rendered in this litigation. In conclusion, rewarding attorneys' fees that recognize the significant risk assumed by Plaintiff's Counsel is a fair and reasonable outcome. This is particularly true when representing employees like Plaintiff, where concerns over collectability are often significant. Furthermore, such an award will ensure that counsel can continue to represent similarly situated plaintiffs in the future, advancing public interest in protecting labor rights.

The Parties disagree about the merits of the Plaintiffs' claims, the viability of Defendants' defenses, and the proper calculation of damages. Without settlement, the Parties would have engaged in extensive preparations for a multi-day jury trial on the merits of the claims and proper calculation of damages. Even if the Plaintiffs had prevailed at trial, the Defendants could have appealed to the Appellate Division, further delaying the resolution. In such a scenario, Plaintiff would not see any monetary relief from this case until years from now. Additionally, he would bear the significant emotional stress and financial burden of protracted litigation, which could adversely affect his mental and physical health, as well as his financial stability. The settlement, therefore, provides a fair, reasonable, and immediate resolution to their claims. The total settlement amount of $30,000.00 shall be distributed as follows: (i) $11,547.00 to Stillman Legal, P.C. (consisting of $9,999.00 in attorneys' fees representing one-third contingency and $1,548.00 in costs including court fees of $405.00, service fees of $378.00, and mediation fees of $765.00); and (ii) $18,453.00 to be divided equally between Juan Orozco and Ronald Rodriguez ($9,226.50 each, with 50% characterized as wages subject to normal payroll withholdings and 50% as liquidated damages reported on IRS Form 1099).

     As for the quality of representation, Stillman Legal PC and Lina Stillman have a long history of representing clients on employment related matters, including complex FLSA and NJWHL cases like the present action. With a track record of twelve (12) years of successfully handling complex wage and hour cases, the Firm has proven its proficiency and is indisputably qualified to represent the Plaintiff. The Firm has participated in numerous federal case filings in the District of New Jersey



as well as state filings before the EEOC, New Jersey Department of Labor and Workforce Development, New Jersey Division on Civil Rights, mediations and arbitrations and cases that have been resolved pre-litigation. The background and history of cases demonstrate Plaintiff's counsels' experience, and the result in this case also speaks to the quality of the representation. The high-caliber representation afforded to the Plaintiff undoubtedly contributed to the positive resolution of this case. The fact that the settlement was achieved through the efforts of such experienced and dedicated counsel further underscores its fairness and reasonableness. The negotiated settlement amount of $30,000.00, which includes attorneys' fees and costs, is reflective of the compromise reached between the parties considering the claims raised in the Second Amended Complaint under FLSA and NJWHL, providing further evidence of its fairness and reasonableness. The efforts of the counsel have led to a significant recovery for the Plaintiff without the undue delay and uncertainty of a prolonged litigation process. Plaintiff's counsels' skill and experience were directly responsible for the favorable outcome for their client, which not only provided redress for the Plaintiff but also served to enforce vital labor laws.

As demonstrated above, the requested fee amount consists of a portion of the total settlement amount of $30,000.00, of which $11,547.00 will be paid directly to Stillman Legal, P.C. as attorneys' fees on or before August 1, 2025, which is reasonable given the circumstances of this case and has been agreed upon by all parties in the Settlement Agreement. Lastly, public policy considerations strongly support granting Plaintiff's counsels' fees. This incentivizes capable counsel to represent employees in wage and hour disputes, deters employers from engaging in comparable violations, and contributes to the broader goal of promoting labor rights. These considerations, coupled with the fact that this case could set a precedent for future wage and hour disputes, clearly demonstrate the settlement's fairness and reasonableness. *See Prasker v. Asia Five Eight, LLC*, 2010 U.S. Dist. LEXIS 1145, at *17 (S.D.N.Y. Jan. 6, 2010) ("Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk."); *see also Goldberger*, 209 F.3d at 51 (commending "sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest.").

IV.     **Conclusion**



    For all of the reasons set forth above, the Parties, Juan Orozco and Ronald Rodriguez as Plaintiffs, and Eli Sandi and Eli Timberland Tree Service LLC as Defendants, request that this Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith.

    We thank Your Honor for your time and attention in this matter.

Respectfully submitted,

_____
Lina Stillman, Esq.
Stillman Legal, P.C.
Attorneys for Plaintiffs Juan Orozco and Ronald Rodriguez
42 Broadway, 12th Floor
Newark, NJ 07102
Tel: (212) 203-2417


Via ECF and Certified Mail, Return Receipt Requested
   Eli Sandi and
Eli Timberland Tree Service LLC
[DEFENDANTS' COMPLETE MAILING ADDRESS]


Encls.