## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUAN OROZCO,** *individually and on behalf of others similarly situated* <br><br> **Plaintiff,** <br><br> v. <br><br> **ELI TIMBERLAND TREE SERVICE LLC, ELI SANIDI,** <br><br> **Defendants.** | Docket No.: 2:24-cv-7045 <br><br> **OPINION FOR APPROVAL OF SETTLEMENT** |

### WILLIAM J. MARTINI, U.S.D.J.:

This is an action under the Fair Labor Standards Act ("FLSA") and the New Jersey State Wage and Hour Law ("WHL") for unpaid wages and overtime compensation against Defendants Eli Timberland Tree Service LLC and Eli Sanidi (jointly "Defendants"). Presently before the Court is Plaintiff Juan Orozco's ("Plaintiff") unopposed motion by for Court approval of a settlement agreement. ECF No. 25. For the reasons stated below, the motion is **GRANTED** and the settlement is **APPROVED**.

### I.    BACKGROUND[1]

Defendants, Plaintiff, and Ronald Rodriguez executed a settlement agreement to resolve Plaintiff's FLSA and WHL claims for a total sum of $30,000 to be paid by August 1, 2025[2] and dismissal of this action with prejudice ("Settlement Agreement"). ECF No. 25-1. While not expressly set forth in the Settlement Agreement, Plaintiff's counsel represents that the total settlement amount of $30,000 is inclusive of attorneys' fees and to be allocated as follows: 1) $11,547 (representing $9,999 in attorneys' fees and $1,548 in costs) to Plaintiff's counsel, Stillman Legal, P.C.; 2) $9,226.50 to Plaintiff; 3) $9,226.50 to Mr. Rodriguez. Pl. Mot. at 5.

### II.    DISCUSSION

"Although the Third Circuit has not addressed whether [FLSA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial

---

[1] Although Plaintiff's Complaint is styled as a putative collective action, Plaintiff represented to the Court at a conference before Magistrate Judge Wettre that he was not pursuing a collective action.

[2] However, Plaintiff's motion for settlement approval was not returnable until August 4, 2025.

approval is necessary." *Bettger v. Crossmark, Inc.,* 2015 WL 279754, at \*3 (M.D. Pa. 2015); *Hudson v. Express Transfer & Trucking,* No. 20-05771, 2021 WL 406450, at \*1 (D.N.J. Feb. 5, 2021); *Brumley v. Camin Cargo Control, Inc.,* No. 08-1798, 2012 WL 1019337, at \*1 (D.N.J. Mar. 26, 2012) ("Employees have two avenues for compromising an FLSA claim: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); and (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)."); *but see e.g., Walker v. Marathon Petroleum Corp.,* 684 F. Supp. 3d 408, 412 (W.D. Pa. 2023) ("nothing in the text of the FLSA (or in any Third Circuit case) [] requires or even authorizes court approval for private-party FLSA settlement agreements.")

### A. Applicable Standard

For settlement approval, courts in the Third Circuit have held that the compromise must be a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Brumley,* 2012 WL 1019337, at \*2 (citing *Lynn's Food Stores. Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982). First "a district court may find that a proposed settlement agreement resolves a bona fide dispute when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *In re Chickie's & Pete's Wage & Hour Litig.,* No. 12-6820, 2014 WL 911718, at \*2 (E.D. Pa. Mar. 7, 2014) (citing *Lynn's Food Stores,* 679 F.2d at 1354). Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee and third, that the agreement does not frustrate the implementation of the FLSA in the workplace. *Payton-Fernandez v. Burlington Stores, Inc.,* 671 F. Supp. 3d 512, 520 (D.N.J. 2023); *Ataucusi v. Toto Foods LLC,* No. 24-07651, 2025 WL 1678566, at \*2 (D.N.J. June 12, 2025).

### B. Bona Fide Dispute

First, the settlement in this case resolves a bona fide dispute under the FLSA and WHL. Plaintiff calculates his potential damages to be approximately $40,000, which includes claims for unpaid minimum wages, unpaid overtime wages, liquidated damages, wage notice and wage statement violations, interest, attorneys' fees and costs. Defendants dispute this calculation and maintain that Plaintiff did not work the hours and weeks that he alleges and that if he is owed anything, he is owed half-time for work over forty hours. The Court is satisfied that this settlement is a "reasonable compromise of disputed issues" rather than the "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores,* 679 F.2d at 1354; *see e.g., Ataucusi,* 2025 WL 1678566, at \*2.

### C. Fair and Reasonable

Second, the settlement terms are fair and reasonable to Plaintiff as it allows recovery of a substantial portion of his initial damages calculation and ensures prompt payment without risk of protracted litigation. This is particularly beneficial to Plaintiff given the ongoing financial strain caused by unpaid wages. Because the settlement amount produced

falls squarely within Plaintiff's possible range of recovery and guarantees his significant compensation, the Settlement Agreement is fair and reasonable to him.

   D. Purposes of FLSA

Finally, the Settlement Agreement does not frustrate the purposes of the FLSA. It contains none of the terms which have been deemed "problematic in effectuating the FLSA's purposes, such as a restrictive confidentiality clause," or "an overly broad release provision" that for instance, covers claims for prospective FLSA violations that may occur in the future subsequent to final approval of a settlement. *Ataucusi*, 2025 WL 1678566, at *3 (citing *Brumley*, 2012 WL 1019337, at *8-9); *Morales v. Unique Beginning Caterers Ltd. Liab. Co.*, No. 20-10026, 2021 WL 5864061, at *3 (D.N.J. Dec. 10, 2021). *See, e.g.*, *Hudson v. Express Transfer & Trucking*, No. 20-5771, 2021 WL 406450, at *5 (D.N.J. Feb. 5, 2021) (finding confidentiality provision and the release provision in settlement agreement were overbroad and nullified purposes of FLSA); *Bettger*, 2015 WL 279754, at *8 (holding that overly broad release provisions were antithetical to FLSA). Absent such terms, the Court finds that the Settlement Agreement does not frustrate the purposes of the FLSA. *See Ataucsi,* 2025 WL 1678566, at *3; *Morales*, 2021 WL 5864061, at *3.

   E. Attorneys' Fees and Costs

Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "To determine the reasonableness of an attorneys' fee award in a FLSA action, judicial review is required 'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Hudson,* 2021 WL 406450, at *2 (citing *Brumley*, 2012 WL 1019337, at *9 (citations omitted)).

Under the lodestar approach, the requested attorneys' fees are fair and reasonable. Plaintiff's counsel reports working a total of about 22 hours of work at a rate of $400/hour, which is a reasonable rate given the attorney's experience and skill. Counsel's work included drafting the complaint, researching, meeting with the client, conducting discovery, and negotiating settlement. Plaintiff's counsel's request for $9,999 in attorneys' fees and $1,548 in costs is reasonable.

The request for fees as a percentage of recovery, here 33.33% of the total settlement, is also reasonable. *See Morales*, 2021 WL 5864061, at 3 (noting that courts in this Circuit have routinely approved attorneys' fees of about 30% of settlement in FLSA cases). Because the request is reasonable under the lodestar formula and as a percentage of the recovery, the Court approves Plaintiff's counsel's request for attorneys' fees. The Court also approves counsel's request for $1,548.00 in costs, consisting of a $405 court filing fee, a $378 service fee, and a $765 mediation fee.

## III.    CONCLUSION

For the reasons discussed above, the Court approves the FLSA settlement because it is a fair and reasonable resolution to a bona fide dispute and does not frustrate the purposes of the FLSA. Thus, Plaintiff's unopposed motion to approve the Settlement Agreement is **GRANTED.** Plaintiff's request for attorneys' fees and expenses is also fair and reasonable, and accordingly, is also **GRANTED.** An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: August 11, 2025

4